O. W. McDonald, *Plaintiff in Error*, v. Rufus P. Jordan and William King, *Defendants in Error*.

Decision Filed March 6, 1922.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

*John F. Burket* and *Dewey A. Dye*, for Plaintiff in Error;

*C. E. Spear* and *E. F. Wilson*, for Defendants in Error.

Per Curiam.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

Owens Burns, *Plaintiff in Error*, v. First National Bank of Sarasota, a Corporation, *Defendant in Error*.

Decision Filed March 6, 1922.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

*John F. Burket,* for Plaintiff in Error;

*W. Y. Berry, Chas. T. Curry* and *Dewey A. Dye,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

TULLY HICKSON AND OCALO AUTO AND GARAGE COMPANY, A DOMESTIC CORPORATION, *Plaintiffs in Error,* v. GEORGE A. OSTEEN, *Defendant in Error.*

Opinion Filed March 6, 1922.

The language of paragraph 2 of Section 2188 of the General Statutes of 1906, relating to the judgment in an action of replevin, where the goods have been re-delivered to the defendant upon his forth-coming bond, is mandatory, and a judgment is fatally defective which is not entered in substantial compliance with its requirements.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.